Patricia BRAGG, et al., Plaintiffs,

v.

Colonel Dana ROBERTSON,
et al., Defendants.

No. Civ.A. 2:98–0636.

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 1, 1999.

Joseph M. Lovett, Mountain State Justice, Charleston, WV, James M. Hecker, Trial Lawyers for Public Justice, Washington, DC, Patrick C. McGinley, Suzanne M. Weise, Morgantown, WV, for plaintiffs.

Michael L. Keller, Assistant U.S. Attorney, Rebecca A. Betts, United States Attorney, Charleston, WV, Lois J. Schiffer, Asst. Atty. Gen., Steven E. Rusak, U.S. Department of Justice, Environment & Natural Resources Div., Environmental Defense Section, Washington, DC, Ruth Ann Storey, U.S. Department of Justice, Environment & Natural Resources Div., General Litigation Section, Washington, DC, Terry Clarke, U.S. Army Corps of Engineers, Office of Counsel, Huntington, WV, Thomas L. Clarke, William E. Adams, Jr., Craig B. Giffin, West Virginia Division of Environmental Protection, Office of Legal Services, Charleston, WV, Russell M. Hunter, West Virginia Division of Environmental Protection, Office of Mining and Reclamation, Nitro, WV, Benjamin L. Bailey, Brian A. Glasser, Bailey & Glasser LLP, Roger A. Wolfe, Robert G. McLusky, James R. Snyder, Jackson & Kelly, W. Warren Upton, M. Shane Harvey, Terry R. Sammons, Jackson & Kelly, W. Henry Lawrence, IV, Robert D. Pollitt, Richard L. Lewis, Richard N. Farmer, Steptoe & Johnson, Grant Crandall, James M. Haviland, George P. Surmaitis, Crandall, Pyles, Haviland & Turner, Charleston, WV, for defendants.

### MEMORANDUM OPINION AND ORDER GRANTING STAY

HADEN, Chief Judge.

Pending are motions by all Defendants to stay the permanent injunction portion of the Court's ruling pending resolution of Defendants' appeal.

By Memorandum Opinion and Order of October 20, 1999 the Court enjoined Defendant Director of the West Virginia Department of Environmental Protection from approving further buffer zone variances without making the required findings and from approving further surface mining permits under current law that would authorize placement of excess spoil in intermittent and perennial streams for the primary purpose of waste disposal.

Defendants' motions to stay and appeal notices were filed October 25 and 26, 1999 concurrent with a request to convert a previously scheduled hearing on other issues to a hearing on the motions to stay. Before acting, the Court allowed Plaintiffs until October 28, 1999 to respond to the motions for stay. *See* Memorialization of Hr'g Events (Oct. 27, 1999) at 2. Uninvited and in disregard of the briefing order, Defendants supplemented their stay motion on October 28, 1999 with affidavits and a further memorandum of law. Accordingly, the Court granted Plaintiffs one further day to make additional response to Defendants' supplements, which Plaintiffs were unable to review prior to filing their initial timely response. Now all briefing has been considered and the issue is now ripe for decision.

There is no automatic stay pending appeal in actions for injunctions; in these actions a judgment, whether interlocutory or

final, may be stayed only by order of the court. *See* Wright & Miller, 11 Federal Practice & Procedure § 2904 (1995). *Rule* 62(c) authorizes the trial court to suspend, modify, restore, or grant an injunction during the pendency of an appeal in injunction cases. Fed.R.Civ.P. 62(c). A notice of appeal does not divest the Court of jurisdiction to consider a stay application. Wright & Miller, *id.; One Stop Deli, Inc. v. Franco's Inc.,* No. Civ.A.93–090–H, 1994 WL 147763 at *1 (W.D.Va. Mar. 28, 1994). An application under *Rule* 62(c) necessarily goes to the discretion of the court. Wright & Miller, *id.*

The merits of the motion are governed by the four-part test set forth in *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970), which requires the moving party to show 1) that it would likely prevail on the merits of the appeal; 2) that it will suffer irreparable injury if the stay is denied; 3) that the other parties will not be substantially harmed by the stay; and 4) that the public interest will be served by granting the stay.

Defendants' late offerings give the Court no basis upon which to conclude the Court of Appeals will reach a contrary result. Their assertions on the remaining factors present the Court with an insufficient basis upon which to determine whether they have satisfied their heavy burden under *Rule* 62(c). In sum, the present record on the four factors militates in favor of denying a stay.

Nonetheless, as the Supreme Court noted in *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), "the traditional stay factors contemplate individualized judgments in each case, [and] *the formula cannot be reduced to a set of rigid rules.*" *Id.* (emphasis added); *GTE Products Corp. v. Kennametal, Inc.,* 772 F.Supp. 907, 920 (W.D.Va.1991). Mindful of this practical admonition, and the Supreme Court's overarching concern for substance over form, the Court believes a stay best serves the interests of justice under these circumstances.

Since the Order including the permanent injunction of October 20, 1999 issued, a firestorm of reaction has come forth from Defendants and state government officials, predicting that the Court's injunction will cause unprecedented economic and social dislocation throughout West Virginia. These opinions are echoed in the affidavits filed by Defendants supplementing their motions to stay. The dire predictions are further bolstered by third party statements of what the Court's Opinion holds. As noted, those "opinions" not originating with the Court reflect, at best, misunderstandings and, at worst, egregious misrepresentations, of significant portions of the ruling. Additionally, many coal workers have been laid off or given WARN notices and the Governor has ordered State government to budget-cut to accommodate a ten percent decrease in expected tax revenues.

This Court is in no position to examine adequately the factual basis of these reactions so as to take an informed measure of the harms predicted and weigh them in the balance of equities required to adequately address the justice of issuing a stay at this time. The Court, however, is able to understand that the shrill atmosphere of discord must subside so that our Court of Appeals and this Court are able to address the crucially important legal issues that formed the basis of the October 20 ruling and that shape the remainder of the case calling for district court action.

In short, the Court believes it preferable to attempt to defuse invective and diminish irrational fears so that reasoned decisions can be made with all deliberate speed, but with distractions minimized. Accordingly, and of its own volition and discretion, the Court **GRANTS** Defendants' motion to stay the permanent injunction pending appellate action.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record by FACSIMILE TRANSMISSION and first class mail and to post it on the Court's website at http://www.fedcourtwvsd.com.